UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. ARASH EMAMI as AMY M.'S attorney-in-fact<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY INSURANCE COMPANY D/B/A ANTHEM BLUE CROSS AND BLUE SHIELD,<br><br>Defendant. | Civil Action No.:<br><br>**COMPLAINT** |

Dr. Arash Emami ("Dr. Emami") as Amy M.s' ("Patient" or "Principal") attorney-in-fact (collectively "Plaintiff") by way of Complaint against Community Insurance Company d/b/a Anthem Blue Cross and Blue Shield ("Defendant"), asserts:

**NATURE OF THE ACTION, PARTIES, JURISDICTION, AND VENUE**

1. This is an action arising under the laws of the United States, specifically the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., for Defendant's wrongful denial/underpayment of Patient's health insurance benefits.

2. Principal was, at all material times, a citizen and resident of New Jersey and is in all respects *sui juris*.

3. At all material times, Dr. Emami was a medical provider in the County of Passaic, State of New Jersey.

4. Dr. Emami is Principal's attorney-in-fact and brings this action on her behalf.

5. Upon information and belief, Defendant was present and engaged in significant activities in the State of New Jersey to sustain this Court's exercise of *in personam* jurisdiction.

6. This Court possesses original jurisdiction pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

7. Venue is proper in the District Court for the District of New Jersey as, *inter alia*, (a) all parties were residents/domiciled in New Jersey and/or conducted business in New Jersey, and (b) the breach of the terms of the subject employee welfare benefit plan took place in New Jersey, and (c) Defendant presently conducts and/or conducted business in New Jersey during the time at issue in this matter.

8. All conditions precedent to the institution of this action, *e.g.*, administrative appeals, have occurred, been performed, been exhausted, been waived, would be futile, or should otherwise be deemed exhausted pursuant to 29 C.F.R. § 2560.503-1.

## ANATOMY OF THE CLAIM

9. Upon information and belief, at all material times Principal had health insurance through her employer which itself was a member of an ERISA governed group insurance contract administered by Defendant.

10. Patient presented to the emergency department at St. Joseph's Regional Medical Center late in the afternoon on August 17, 2015. See **Exhibit A**.

11. Patient was admitted from the emergency department in the evening of August 17, 2015, with a diagnosis of severe lumbar spinal stenosis at L4-L5 and cauda equina type syndrome. Id.

12. Patient was scheduled "in an urgent fashion" for "lumbar laminectomy, decompression and possible fusion operation." Id.

13. On August 18, 2015, Drs. Emami and Sinha, medical providers within University Spine Center, provided medically necessary and reasonable services to Patient. See **Exhibit B**.

14. Specifically, Patient underwent emergency spine surgery that included a revision lumbar laminectomy at L4-L5, diskectomy and placement of intervertebral device, lumbar interbody fusion with a PEEK cage, posterior lumbar interbody fusion with a PEEK cage, posterior spinal pedicle screw instrumentation at L4-L5 for fusion, posterolateral fusion at L4-L5, L5 nerve root neurolysis, and other related procedures. Id.

15. These services met the definition of "Emergency" or "Emergency Medical Condition" as defined in the Summary Plan Description ("SPD") as the Patient was in such a condition that absent immediate medical attention a prudent layperson could reasonably expect that her health would be placed in serious jeopardy, there was or could be serious impairing to bodily functions, and there was or could be serious dysfunction of a bodily organ or part. See, ECF Doc. 6-2 at PageID: 137.

16. The bill for this service, submitted to Defendant by way of health insurance claim forms ("HICFs"), was $315,530.00. See **Exhibit C**.

17. Defendant did not allow any reimbursement for these services. See **Exhibit D**.

18. Defendant failed to allow reimbursement, per the explanation code in the claim status form, due to a lack of requested medical information being received. Id.

19. In a letter received on October 13, 2015, Horizon informed University Spine Center that they were reviewing a claim for Amy M. and that "[i]n order to process the claim, we need the following Medical Record Type(s): . . . Complete Medical Record." See **Exhibit E**.

20. Upon information and belief, at least as early as October 14, 2015, the operative report was resubmitted by University Spine Center's billing company.

21. In a letter dated October 24, 2015, Horizon informed University Spine Center by way of a similar letter to that referred in Paragraph 19 above that it need "Other" type of medical records, specifically asking that University Spine Center "provide the complete medical records for the proc 22851." See, **Exhibit F.**

22. Upon information and belief, the billing company once again faxed the medical records on November 16, 2015 to fax number 1-937-274-4017 which is the fax number listed in the signature block to the letter attached as **Exhibit F**.

23. Upon information and belief, on December 8, 2015, an employee of the billing company spoke with a Luis at Horizon, the local blue in this matter, who confirmed the records were located on December 7, 2015, but they had not been forwarded to the home plan, i.e., Defendant, for their review.

24. Upon information and belief, on December 8, 2015, the billing company was informed that the records were forwarded to the home plan, i.e., Defendant, for review and was given the following reference number: 1-474718207999U.

25. Despite this, Defendant, in a letter dated November 11, 2015, stated that "[t]he requested information was not received, or received incomplete, within the 45 days specified under ERISA" and "[a]s a result we have processed this claim with the information we have available to us and determined no benefit is payable." See **Exhibit G**.

26. Forty-five days from October 24, 2015 is December 8, 2015 which, as described above, is nearly a month after when Defendant decided to decide the claim with what it purported was an incomplete or insufficient records.

27. On April 4, 2016, an employee of University Spine Center appealed this determination within 180 days of the, improperly premature, November 11, 2015 denial. See **Exhibit H**.

28. Plaintiff has exhausted all administrative remedies.

29. Upon information and belief, no response was forthcoming from either Defendant or the local blue rendering any second appeal futile.

30. According to the terms of the SPD, there is no requirement that a second level appeal be filed. See, ECF Doc. 6-2 at PageID: 183-85.

31. Despite this, University Spine Center, now through counsel, attempted once more to appeal this determination. See, **Exhibit I**.

32. In a letter dated August 22, 2017, the local blue informed Dr. Emami that is "acknowledges receipt of your written inquiry on July 21, 2017," and to "[p]lease be advised that the appeal has been sent to the home plan for review." See, **Exhibit J**.

33. Upon information and belief, there was no further correspondence from either the local blue or Defendant on this matter prior to the initiation of this suit.

34. Recognizing the evolution of federal common law in this District regarding the issue of standing related to so-called "anti-assignment clauses," on or about June 29, 2018, Patient/Principal designated Dr. Emami as her attorney-in-fact through a notarized power of attorney. See **Power of attorney attached as Exhibit K**.

35. Based on the lack of acknowledgement and/or response to the sending in of medical records, on multiple occasions, as well as timely filing of the only required appeal, as well as futility of any further appeals, Plaintiff submits that it has thoroughly exhausted the administrative appeals prior to bringing suit.

Case 2:19-cv-21061-ES-SCM   Document 1   Filed 12/04/19   Page 6 of 7 PageID: 6

36. Accordingly, Plaintiff brought suit.

## COUNT I

### RECOVERY OF BENEFITS UNDER
### 29 U.S.C. § 1132(a)(1)(B)

37. Plaintiff repeats and restates the allegations in the preceding paragraphs of the Complaint as if fully set forth at length herein.

38. ERISA § 502(a)(1), codified at 29 U.S.C. § 1132(a)(1)(B), provides a cause of action for a beneficiary or participant seeking benefits due payment under the terms of an ERISA governed plan.

39. Defendants improperly denied benefits due to Principal under the terms of the Plan for the reasons set forth above.

40. Specifically, Defendant failed to remit any payment whatsoever for the medically necessary treatment that was rendered to Patient despite being provided the requested documentation, performing the medically necessary emergency treatment, and appropriately exhausting the administrative remedies.

**WHEREFORE**, Plaintiff requests the entry of judgment against Defendant as follows:

    a. For damages including, but not limited to, past-due contractual benefits as set forth in the Plan[1];

---

[1] Plaintiff notes that the SPD sets forth a variety of possible levels of reimbursement for out-of-network provider services. See, ECF Doc 6-2 at PageID: 168. Plaintiff submits, given Defendant's failure to appropriately process the claim and provide any substantive response to the variety of corresponded it has received over the years as set forth above, that it should not be permitted to choose the lowest possible level of reimbursement but instead must elect/be ordered to use the fifth option, i.e., a "maximum allowed amount" based on the total charges of University Spine Center. Id. Plaintiff points out that not only is this eminently fair and

    b. For attorney's fees and costs of suit; and

 For such other and further relief as the Court may deem just, equitable, and/or proper.


Dated: Paramus, New Jersey
   December 4, 2019

                Respectfully submitted,

                **CALLAGY LAW, P.C.**
                Mack Cali Centre II
                650 From Road – Suite 565
                Paramus, New Jersey 07652
                Phone: (201) 261-1700
                Fax: (201) 549-6244


         By: */s/ Robert J. Solomon*
                Robert J. Solomon, Esq.
                rsolomon@callagylaw.com

---

reasonable, Defendant will not have anything in the administrative record which would support any of the other five possible options. Accordingly, Defendant must reimburse Plaintiff based on the total charges billed by University Spine Center.