Not for Publication

UNITED STATES DISTRICT COURT
THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DR. ARASH EMAMI, as Amy M.'s attorney-in-fact, | : :  : |
| Plaintiff, | : : |
| v. | : Civil Action No.: 19-21061 (ES) (CLW) : |
| COMMUNITY INSURANCE COMPANY, *d/b/a* ANTHEM BLUE CROSS AND BLUE SHIELD, | : OPINION : : : : |
| Defendant. | : : : |

**SALAS, DISTRICT JUDGE**

Plaintiff Dr. Arash Emami claims that Defendant Community Insurance Company *d/b/a* Anthem Blue Cross and Blue Shield ("Community") improperly denied his patient, Amy M., benefits under the terms of her health insurance plan (the "Plan") governed under the Employee Retirement Income Security Act ("ERISA"). (D.E. No. 1, Complaint ("Compl.")). Community moves to dismiss the Complaint for lack of standing, as time-barred, for failure to exhaust administrative remedies, and for failure to state a claim. (D.E. No. 12; *see also* D.E. No. 12-1 ("Mov. Br.")). The Court has considered the parties' arguments and decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). As set forth below, the motion is GRANTED. The dismissal is *without prejudice*.

**I.    BACKGROUND**

Dr. Emami is a medical provider who is affiliated with University Spine Center but not an in-network provider for Amy M.'s ERISA Plan. (Compl. ¶¶ 3, 13 & p. 6 n.1). On August 18,

2015, Dr. Emami performed emergency spinal surgery on Amy M., who is specifically insured by Community. (*Id.* ¶¶ 10–14). The bill for this service was in the amount of $315,530.00 and was submitted to Community by way of health insurance claim forms. (*Id.* ¶ 16). However, there were apparently issues with respect to filing additional medical records at the request of Community (through Horizon Blue Cross Blue Shield of New Jersey). (*Id.* ¶¶ 19–23, Exs. E & F). Community denied reimbursement on November 11, 2015, because "requested information was not received, or received incomplete." (*Id.* ¶ 25 & Ex. G). University Spine Center unsuccessfully appealed that determination. (*Id.* ¶ 27 & Ex. H).

On November 16, 2017, University Spine Center brought suit to recover Amy M.'s unpaid benefits. (Case No. 17-11725, D.E. No. 1). University Spine Center claimed it had standing to sue because it "obtained an assignment of benefits" from Amy M., even though her Plan contained an anti-assignment clause. (Compl. ¶ 9). After the filing of that complaint, the Third Circuit decided *American Orthopedic & Sports Medicine v. Independence Blue Cross Blue Shield*, 890 F.3d 445 (3d Cir. 2018), holding that anti-assignment clauses in ERISA-governed health insurance plans are enforceable under ERISA. *Id.* at 453. That holding prompted (i) Dr. Emami to obtain power of attorney from Amy M. and (ii) University Spine Center to file for leave to amend to substitute Dr. Emami as plaintiff as Amy M.'s attorney-in-fact. (Case No. 17-11725, D.E. No. 17-3). On October 2, 2019, the Honorable Katharine Hayden denied leave to amend, holding that University Spine Center lacked standing when it first filed suit due to the Plan's anti-assignment clause, and that it could not "attempt to cure the jurisdictional defects that plagued the original complaint through the proposed amended complaint." *Univ. Spine Ctr. v. Anthem Blue Cross Blue Shield*, No. 17-11725, 2019 WL 4855439, at *5 (D.N.J. Oct. 2, 2019). Judge Hayden did not opine on whether the power of attorney was valid or whether such could confer standing.

On December 4, 2019, Dr. Emami filed the present action. He claims standing to sue under the same legal theory University Spine Center presented to Judge Hayden in seeking leave to amend—namely, that Dr. Emami is Amy M.'s attorney-in-fact through a power of attorney. (Compl. ¶ 34). Dr. Emami alleges one count—"Recovery of Benefits under 29 U.S.C. § 1132(a)(1)(B)"—and claims that Community "improperly denied benefits due to [Amy M.] under the terms of the Plan." (*Id.* ¶ 39). Community moves to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (D.E. No. 12).

## II. LEGAL STANDARD

In assessing whether a complaint states a cause of action sufficient to survive dismissal under Rule 12(b)(6),[1] the Court accepts "all well-pleaded allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018). "[T]hreadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements" are all disregarded. *Id*. at 878–79 (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and a claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (first quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010); and then quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

---

[1] While motions to dismiss for lack of standing are generally assessed under Rule 12(b)(1), motions to dismiss for lack of derivative standing under ERISA are assessed under the Rule 12(b)(6) framework. *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 371 n.3 (3d Cir. 2015). As explained more below, Dr. Emami's standing to sue centers around ERISA, not the Constitution.

### III. DISCUSSION

#### A. Standing

Under § 502(a) of ERISA, "a participant or beneficiary" may bring a civil action to, *inter alia*, "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). Ordinarily, "standing to sue under ERISA is 'limited to participants and beneficiaries.'" *Univ. Spine Ctr. v. Anthem Blue Cross Blue Shield*, No. 18-2912, 2018 WL 6567702, at *2 (D.N.J. Dec. 13, 2018) (quoting *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400–01 (3d Cir. 2004)). However, "[h]ealthcare providers that are neither participants nor beneficiaries in their own right may obtain *derivative standing* by assignment from a plan participant or beneficiary," *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015) (emphasis added), so long as there is not a valid anti-assignment clause that covers the lawsuit in the ERISA plan, *see Am. Orthopedic*, 890 F.3d at 453.

It appears to be an open question whether a physician can get around an anti-assignment clause by obtaining a power of attorney from his or her patient. *See Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*, 967 F.3d 218, 228 (3d Cir. 2020) ("[W]e left open the possibility that a patient could grant her provider a valid power of attorney to pursue claims for benefits on her behalf . . . ." (citing *Am. Orthopedic*, 890 F.3d at 454)). Neither party offers persuasive reasons supporting their proposed answer to this question.

Community relies on dicta from *American Orthopedic*, 890 F.3d 445. After holding that anti-assignment clauses are valid and enforceable under ERISA, the Third Circuit cautioned "that our holding today that the anti-assignment clause is enforceable . . . does not mean that [a plan beneficiary] cannot grant a valid power of attorney." *Id.* at 455. An "anti-assignment clause," the

4

Third Circuit went on, "no more has power to strip [a third party] of its ability to act as [a plan beneficiary's] agent than it does to strip [the beneficiary] of his own interest in his claim." *Id.* Community relies on the Third Circuit's observation that a contrary holding would be "ill-suited for the healthcare context where patients must rely on their agents when they anticipate even short-term incapacitation after medical procedures, and where those who anticipate longer-term unavailability, like deployed service members or those suffering from progressive conditions, depend on their designated agents to handle their medical claims and other affairs in their absence." *Id.* (citations omitted). Because Amy M. is neither a deployed service member nor medically incapacitated, Community asserts, Dr. Emami cannot obtain power of attorney to sue on her behalf. However, Community assumes that the Third Circuit was offering the *only* circumstances under which a power of attorney is valid in the healthcare context. Community does not support that proposition with persuasive authority.

Nor does Dr. Emami sufficiently support his broader reading of *American Orthopedics*. Instead, he attempts to parse the Third Circuit's language to find subtle hints that the Third Circuit did not intend to limit plan beneficiaries in relying on a power of attorney. (D.E. No. 20 ("Opp. Br.") at 7). For example, Dr. Emami points out that the Third Circuit used the citation signal "e.g." when citing cases concerning deployed service members and incompetent persons, thus indicating that the Third Circuit offered examples and not an exhaustive list of instances where a power of attorney may overcome an anti-assignment clause. (*Id.*). But the citation signal "e.g." was not used to offer examples of where a power of attorney can overcome an anti-assignment clause but rather to offer examples of cases supporting the preceding sentence, which was that limiting power of attorney "seems particularly ill-suited for the healthcare context . . . where those who anticipate longer-term unavailability, like deployed service members or those suffering from progressive

conditions, depend on their designated agents to handle their medical claims and other affairs in their absence." *Am. Orthopedic*, 890 F.3d at 455.  And neither case cited by *American Orthopedic* was an ERISA case or involved the overlap between an anti-assignment clause and a power of attorney.  *See Bartholomew v. Blevins*, 679 F.3d 497, 499 (6th Cir. 2012); *Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 384 (7th Cir. 2010).  Moreover, Dr. Emami posits that "if the Third Circuit held that the only two circumstances a medical provider could gain standing through a power of attorney were the two narrow exceptions discussed above – which were not at issue in that case – then the Third Circuit would not have even entertained remanding." (Opp. Br. at 7).  However, Dr. Emami does not cite any support that the Third Circuit was aware that those two circumstances were not present.  Further, the Third Circuit has more recently stated that *American Orthopedic* "*left open* the possibility that a patient could grant her provider a valid power of attorney to pursue claims for benefits on her behalf." *See Plastic Surgery Ctr., P.A.*, 967 F.3d at 228 (emphasis added).

Nor do the parties address whether the power of attorney is valid, which appears to be a question of state law. *Am. Orthopedic*, 890 F.3d at 454 n.9 ("But we have no need to resolve whether Pennsylvania or New Jersey law is applicable because Appellant's power of attorney failed the requirement of both laws that there be at least one witness."); *see also Joseph D. Alkon, M.D., PC on Behalf of G.D. v. CIGNA Health & Life Ins. Co.*, No. 20-02365, 2021 WL 3362562, at *6 (D.N.J. Aug. 3, 2021) ("As this Court has pointed out, New Jersey's Revised Durable Power of Attorney Act, N.J.S.A. 46:2B-8.1, *et seq.*, provides that 'the principal authorizes another individual or individuals or a qualified bank . . . known as the attorney-in-fact to perform specified acts on behalf of the principal as the principal's agent.'" (quoting *Somerset Orthopedic Assocs., P.A. v. Horizon Healthcare Servs., Inc.*, No. 19-8783, 2020 WL 1983693, at *7 (D.N.J. Apr. 27,

6

2020))).[2]

Because the Court cannot say, and because it is unnecessary to say, whether Dr. Emami's power of attorney is valid and supports his standing to sue on Amy M.'s behalf, the Court assumes Dr. Emami may proceed and dismisses the Complaint on other grounds. *Cf. Jordon v. Att'y Gen. of U.S.*, 424 F.3d 320, 325 (3d Cir. 2005) (explaining that a court may assume hypothetical jurisdiction of a "statutory provenance"); *see also Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 511 (2d Cir. 2005) (Sotomayor, J.) ("We may exercise hypothetical jurisdiction and rule on the merits of this question because third-party standing requirements—unlike mootness requirements—are prudential rather than constitutional in nature."). Neither party purports that the power-of-attorney issue concerns the Court's jurisdiction under the Constitution. Instead, and at least in this context, it appears to concern statutory standing. *Cf. N. Jersey Brain & Spine Ctr.*, 801 F.3d at 371 n.3 (explaining that derivative standing under ERISA is not jurisdictional).[3]

### B. Statute of Limitations

Community argues that Dr. Emami's Complaint is time barred because it was filed after

---

[2] The Court notes that at least one court in the District of New Jersey has explicitly held that the Third Circuit did not limit power of attorney in the ERISA context to instances where a patient suffers from an unavailability. *See Somerset Orthopedic Assocs., P.A. v. Horizon Healthcare Servs., Inc.*, No. 19-8783, 2021 WL 3661326, at *5 (D.N.J. Aug. 18, 2021). However, because the Court dismisses the Complaint on other grounds, it is not necessary to reach the issue.

[3] Indeed, the parties do not address the fundamental question that the Third Circuit appeared to note in *American Orthopedic*—that is, whether a *mere* power of attorney can grant Article III standing to sue, an issue the Court cannot assume. *See* 890 F.3d at 455 (citing *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 108 (2d Cir. 2008) ("[A] mere power-of-attorney—i.e., an instrument that authorizes the grantee to act as an agent or an attorney-in-fact for the grantor—does not confer standing to sue in the holder's own right because a power-of-attorney does not transfer an ownership interest in the claim. By contrast, an assignment of claims transfers legal title or ownership of those claims and thus fulfills the constitutional requirement of an 'injury-in-fact.'" (internal citations omitted))). The Second Circuit, in *W.R. Huff Asset Management Company*, 549 F.3d 100, addressed a scenario in which the plaintiff did not allege in its complaint "that it suffered any injury; rather, the alleged injury was suffered by [its] clients." *Id.* at 107. That does not appear to be an issue here. Reading the Complaint liberally, Dr. Emami alleges that because Community did not pay Amy M. benefits due under the Plan, he could not recoup payment for his surgical services that Amy M. continues to owe him. Courts to hold that a mere power of attorney does not grant Article III standing did not address similar allegations of personal—albeit indirect—injury. *See O'Brien v. Aetna, Inc.*, No. 20-05479, 2021 WL 689113, at *3 (D.N.J. Feb. 23, 2021); *New Jersey Spine & Orthopedics, LLC v. Bae Sys., Inc.*, No. 19-10735, 2020 WL 491258, at *2 (D.N.J. Jan. 29, 2020).

the expiration of the statute of limitations for commencing a lawsuit under Amy M.'s Plan.  (Mov. Br. at 14–15).  ERISA does not contain a statute of limitations for bringing suit, and therefore federal courts "borrow the most closely analogous statute of limitations in the forum state."  See *Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 305–06 (3d Cir. 2008).  The most closely analogous statute of limitations is for breach of contract, which is six years.  See *Mirza v. Ins. Adm'r of Am., Inc.*, 800 F.3d 129, 136 (3d Cir. 2015).  While parties may contract for a shortened limitations period for commencing suit, notice must be given of any shortened plan-imposed time limit for commencing legal action in its notification of an adverse benefit determination.  *Id.* at 129, 133.  Failure to give notice will result in the plan's time limit being set aside in favor of the relevant statute of limitations period.  *Id.* at 138.

      The parties do not dispute that Amy M.'s ERISA Plan contains a three-year statute of limitations.  However, Dr. Emami claims that the Plan's time limit should be set aside in favor of the six-year statute of limitations because Community did not notify Amy M. of the shortened time limit as required under the Department of Labor's regulations—namely, 29 C.F.R. § 2560.503-1(g)(1)(iv). (Opp. Br. at 9–11).  Community responds that "29 C.F.R. § 2560.503-1(g)(1)(iv) only requires such denial letters to include time limits with respect to ***internal administrative review procedures and not limitations periods on commencement of court litigation***."  (D.E. No. 21, Reply at 6 (emphasis in original)).  But the Third Circuit in *Mirza* rejected Community's interpretation of the regulation.  See *Mirza*, 800 F.3d at 138 (holding that "§ 2560.503–1(g)(1)(iv) requires written disclosure of plan-imposed time limits on the right to bring a civil action").  Because the denial letter sent to Amy M. on November 11, 2015, did not inform her of the shortened statute of limitations, the Court finds that Community has not clearly established that the three-year statute of limitations applies.  See *Mirza*, 800 F.3d at 138; *Allegheny Plant Servs.,*

8

*Inc. v. Carolina Cas. Ins. Co.*, No. 14-4265, 2017 WL 3234379, at *4 (D.N.J. July 28, 2017) ("[T]he statute of limitations will support dismissal under Rule 12(b)(6) only in the very clear case where a plaintiff has pled itself out of court.").

### C.     Exhaustion

Community argues that the Complaint must be dismissed because Dr. Emami failed to exhaust all administrative remedies before suing. (Mov. Br. at 15–16). The Third Circuit has long held that, except in limited circumstances, "a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002). The exhaustion requirement is "a judicial innovation fashioned with an eye toward 'sound policy.'" *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 279 (3d Cir. 2007).

Community argues the Complaint alleges no facts that Dr. Emami or Amy M. "complied with the Plan's appeals procedures and/or exhausted the Plan's administrative remedies," "aside from conclusory statements" that "an unnamed employee of University Spine Center appealed the claim determination." (Mov. Br. at 16). Dr. Emami argues that he has made more than a sufficient showing of administrative appellate exhaustion and pled accordingly. (Opp. Br. at 11).

The Court agrees with Dr. Emami. As alleged in the Complaint, and as shown in the exhibits attached thereto, University Spine Center appealed the denial of benefits within the 180-day period required by the Plan. (Compl. ¶ 27). Community seems to object that the Complaint does not name the employee of University Spine Center who filed the internal appeal, but Community offers no law suggesting, and the Court could not find any, that Dr. Emami must name the employee of University Spine Center who filed the internal appeal. (Mov. Br. at 16). Moreover, the Complaint provides the dates in which the proper documentation was submitted and

9

sufficiently pleads that all administrative remedies have been exhausted. (*Id.* ¶¶ 20, 22, 27 & 31). Additionally, there are no other currently pending appeals. (*Id.* ¶ 35). As such, the Court finds that Dr. Emami has sufficiently alleged exhaustion.

### D. Failure to State a Claim

As noted, ERISA allows a plan participant to bring "[a] civil action . . . to recover benefits due to him *under the terms of his plan*, to enforce his rights *under the terms of the plan*, or to clarify his rights to future benefits *under the terms of the plan*." § 1132(a)(1)(B) (emphasis added). "Thus, to assert an action to recover benefits under ERISA, a plaintiff must demonstrate that 'he or she [has] a right to benefits that is legally enforceable against the plan.'" *Saltzman v. Indep. Blue Cross*, 384 F. App'x 107, 111 (3d Cir. 2010) (quoting *Hooven v. Exxon Mobil Corp.*, 465 F.3d 566, 574 (3d Cir. 2006)). In order to plead sufficient facts to state a claim for relief, the plaintiff must identify a specific provision of the plan for which a court can infer this legally enforceable right. *See, e.g.*, *Atl. Plastic & Hand Surgery, PA v. Anthem Blue Cross Life & Health Ins. Co.*, No. 17-4600, 2018 WL 1420496, at *10 (D.N.J. Mar. 22, 2018).

Community argues that Dr. Emami fails to state a claim under ERISA because he does not sufficiently tie his claims to a provision in Amy M.'s Plan. (Mov. Br. at 17–18). Dr. Emami maintains that he has pled a colorable claim, arguing he has pled the course of conduct and facts that must be construed in his favor. (Opp. Br. at 13–14). The Court agrees with Community on this issue. The Complaint does not point to a specific provision within the ERISA Plan. Dr. Emami does not adequately address Community's argument, nor does he offer support excusing him from citing to a specific provision of the Plan. Rather, Dr. Emami vaguely pleads in his Complaint that "[d]efendants improperly denied benefits due to [Amy M.] under the terms of the Plan for the reasons set forth above." (Compl. ¶ 39). Such an allegation is not enough. *See Atl.*

10

*Plastic & Hand Surgery, PA*, 2018 WL 1420496, at *10 ("Thus, because the Complaint fails to identify any specific provision in the Plan from which the Court can infer that Plaintiffs were entitled to compensation at the 'usual and customary rate' for out-of-network medical services, the Court dismisses without prejudice Plaintiffs' § 502(a)(1)(B) claim for failure to plead sufficient facts to state a claim for relief."); *Piscopo v. Pub. Serv. Elec. & Gas Co.*, No. 13-0552, 2015 WL 3938925, at *5 (D.N.J. June 25, 2015) ("Plaintiff has not pointed to any provision of a PSE & G benefit plan suggesting he is entitled to pension or retirement contributions nor has he alleged any facts about the plan."), *aff'd*, 650 F. App'x 106 (3d Cir. 2016). Therefore, Dr. Emami fails to state a claim on which relief can be granted.

## IV.  CONCLUSION

Based on the foregoing, the Court GRANTS Community's motion to dismiss based on Dr. Emami's failure to state a claim (D.E. No. 12).  The dismissal is *without prejudice* to Dr. Emami's right to move under Federal Rule of Civil Procedure 15 for leave to amend to cure the deficiencies outlined above.   An appropriate Order will be entered.

Dated: September 13, 2021

*/s/Esther Salas*
Esther Salas, U.S.D.J.

11